𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔣𝔬𝔯 𝔱𝔥𝔢 𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞
𝔅𝔯𝔲𝔫𝔰𝔴𝔦𝔠𝔨 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

| | | |
|---|---|---|
| PENNY SANTIAGO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| JUNE RYALS CAULEY and ALTON CAULEY, | : | |
| Defendants and Third Party Plaintiffs, | : | |
| v. | : | |
| KENNETH EADY, | : | |
| Third Party Defendant. | : | NO. CV203-099 |

### O R D E R

Plaintiff, Penny Santiago, brought the above-captioned case against Conseco Finance Servicing Corporation ("Conseco"), June Ryals Cauley, Alton Cauley, and Ben Patterson, for conversion and trespass. The Cauleys brought a third party complaint against Kenneth Eady.

Presently before the Court are the motions for summary judgment of Defendants, June Ryals Cauley and Alton Cauley.

AO 72A
(Rev. 8/82)

Because genuine issues of material fact remain in dispute, the Cauleys' motions will be **DENIED**.

## BACKGROUND

Santiago owned a mobile home in Brunswick that she financed through Conseco. In April or May of 2002, Conseco determined that Santiago was in default on her mortgage obligation, and began to prepare the mobile home for resale.[1] A Conseco employee, Kenneth Eady, changed the locks on the mobile home and notified Alton Cauley, a Conseco contractor, to clean out the personal effects inside the mobile home and to make it presentable for resale.

On May 18, 2002, Cauley proceeded to the residence, and packed Santiago's personal effects into boxes and removed the belongings from the mobile home. According to Cauley, after he took what he considered to be trash to the McIntosh County dump, he drove to the Jesup Goodwill thrift store, where he asserts that he intended to dispose of Santiago's possessions. Upon finding the store closed, Cauley hauled Santiago's

---

[1] On November 3, 2003, Conseco and Patterson were dismissed from this action for want of prosecution. See Dkt. No. 5.

belongings to Cauley's home in Baxley, Georgia, where he stored the goods in a trailer under his carport.

June Ryals Cauley, Alton Cauley's wife, did not participate in the removal of Santiago's property and did not accompany her husband to Santiago's mobile home.

According to an affidavit submitted by Santiago, after Plaintiff discovered the wrongful dispossession and found out who was responsible for taking her things, she telephoned the Cauley residence. Santiago reports that Mrs. Cauley told her that all of her things had been disposed of at the McIntosh County dump. After McIntosh County officials allegedly told Santiago that they had no record of any visits by either Cauley, Santiago called Mrs. Cauley back to confront her with this information. In response, Mrs. Cauley allegedly told Santiago that the property was in storage. Santiago asserts that she checked with certain storage facilities, but that these businesses had no record of her belongings being there.

Thereafter, on May 25, 2002, Santiago went to the Cauley residence. Santiago asserts that because she had asked the Glynn County Police Department for assistance, the Cauleys finally admitted that they still had some of her things. Santiago contends that Mrs. Cauley also told her the identity

3

of persons that had purchased some of Santiago's belongings from the Cauleys. Moreover, Santiago asserts that the Cauleys burned her papers, including her children's birth certificates and photographs. Santiago avers that, while the Cauleys returned a few of her possessions, she never got most of her property back.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v.

AO 72A
(Rev. 8/82)

Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## DISCUSSION

### I. The Cauleys May Be Liable for Converting Santiago's Property

Mrs. Cauley asserts that she is not liable to Santiago because she was not involved in the alleged trespass. However, if Mrs. Cauley wrongfully possessed Santiago's property and converted it to her own use, as Santiago alleges, she would be liable for conversion. Bromley v. Bromley, 106 Ga. App. 606, 610 (1962) ("Any distinct act of dominion wrongfully asserted over another's property in denial of his right or inconsistent with it is a conversion.").

According to Santiago, Mrs. Cauley lied to her on two occasions regarding the whereabouts of her belongings. Santiago also asserts that, at about this time, the Cauleys sold some of Santiago's possessions, and attempted to convert other goods to their own use. Under Georgia law, "[t]he owner of personalty is entitled to its possession[,]" and "[a]ny deprivation of such possession is a tort for which an action lies." Ga. Code Ann. § 51-10-1 (2000). If what Santiago alleges is true, the Cauleys may be liable for conversion.

AO 72A
(Rev. 8/82)

Consequently, summary judgment in the Cauleys' favor is not warranted on Santiago's conversion claim.

## II. Alton Cauley May Be Liable for Trespass

> In this State, all citizens enjoy an absolute right of enjoyment of their property, and 'every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie.' O.C.G.A. § 51-9-1. . . . Georgia law indeed recognizes the doctrine of the innocent trespasser, which protects individuals who enter the land of another under the mistaken belief that it is permissible to do so. . . . But 'whether the trespass was wilfully or innocently done is generally for the jury to determine.'

Nichols v. Ga. Television Co., 250 Ga. App. 789, 790 (2001) (internal citations omitted).

Alton Cauley asserts that he is entitled to summary judgment under the "innocent trespasser" rule. Under that rule, "an unintentional and nonnegligent entry only another's land does not automatically subject an individual to liability even though the entry causes harm to the possessor." Bullard v. Bouler, 272 Ga. App. 397, 399 (2005).

Yet, the fact that Mr. Cauley asserts that he committed his acts innocently does not automatically shield him from liability.

> 'The question as to whether the trespass was wilfully or innocently done is generally for the jury to

AO 72A (Rev. 8/82)

> determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party.'

<u>Young v. Faulkner</u>, 228 Ga. App. 587, 588 (1997) (quoting <u>Tenn., Ala. & Ga. R.R. Co. v. Zugar</u>, 193 Ga. 386 (3) (1942)).

The innocent trespasser rule is an affirmative defense, and the burden rests on Mr. Cauley to show that he was an "innocent trespasser." <u>Id</u>. If Santiago produces some evidence that Mr. Cauley had notice that the foreclosure was wrongful, then he may be liable in trespass. <u>Id</u>.

As a result, summary judgment is not warranted in Mr. Cauley's favor on Santiago's trespass claim.

## CONCLUSION

For the reasons explained above, the Cauleys' motions for summary judgment are **DENIED**.

**SO ORDERED**, this ____6th____ day of December, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)